No. 17.—WILLIAM H. BROOKS, plaintiff in error, *vs.* WILLIAM C. COOK, defendant.

[1.] In the absence of a special contract to the contrary, the hirer of a slave is bound to furnish all necessary attendance and nursing to the slave, when sick.

[2.] In an action to recover the hire of a slave, the defendant cannot set off a physician's account for attending the slave when sick, though the owner may be liable therefor, unless he has paid it.

[3.] If the owner of a slave insures his life, the hirer of the slave is not entitled, on his death, to any part of the insurance money, if there was no contract to that effect.

[4.] The owner, and not the hirer of a slave, is liable for the coffin and burial expenses.

Complaint, in Randolph Superior Court. Decided by Judge KIDDOO, May Term, 1856.

This was an action brought by William C. Cook, against William H. Brooks, for the recovery of $170, claimed to be due on a promissory note. To which action the defendant filed several pleas, to-wit: 1st. The general issue. 2d. A plea of set-off, exhibiting an account in favor of defendant against plaintiff, for $32 50, consisting of two items: one of $24 50, for attending and nursing George, a slave, the pro-

perty of plaintiff, eighteen days; the other, of $8, for furnishing coffin and burial expenses for said slave; and 3d. Another plea of set-off, as follows: "For that the note sued on was given for the hire of a negro slave, George; that at the time of hiring, plaintiff informed defendant the life of said slave was insured for the sum of $11.50, two-thirds of which he was entitled to recover, if the slave died; that said slave was attacked by disease about the first of August, and died about the first of September, 1852. During his, said negro's, illness, defendant called in Dr. I. B. Smith as a physician, who constantly attended upon him till the time of said slave's death; that the bill of said Dr. Smith, was one hundred and seven dollars. The defendant used his best efforts to notify said plaintiff of the illness of said slave, as soon as he was taken sick; that plaintiff did not receive said notice, in consequence of his absence from home; that said slave died, and plaintiff recovered of the said insurance company the sum of seven hundred and sixty-six dollars; and defendant submits. to the Court, that he is entitled to set-off the sum of fifty dollars, that being two-thirds of the time lost by reason of the death of said negro; and also, to set-off the sum of one hundred and seven dollars, that being the amount of the physician's bill."

Counsel for plaintiff in the Court below, moved to strike out the said pleas of set-off; the Court sustained the motion, and defendant's Counsel excepted and assigns the same for error.

TUCKER & BEALL, for plaintiff in error.

DOUGLASS & DOUGLASS, for defendant.

*By the Court.*—McDONALD, J. delivering the opinion.

We sustain the decision of the Court below in striking out the defendant's pleas of set-off, with the exception of two

items in one of them, one of which is for the coffin, and the other for the burial expenses of the slave.

[1.] It has been held, in effect, by this Court, in the case of *Latimer vs. Alexander*, (14 *Ga. Rep.* 259, that if there be no special contract to the contrary, the hirer is bound to furnish all necessary attendance and nursing to his sick hired slave. If this duty be implied in the contract of hiring, in the absence of any contrary express stipulation, the defendant can have no action against the plaintiff for this service, and a set-off is in the nature of a cross action.

[2.] It is not necessary to decide here; indeed, we cannot do it without going out of the record, whether the owner might not be liable to the physician for the amount of his bill for medical services to George. The question is, was it the subject of set-off, by this defendant, to the plaintiff's action? If the defendant had sued plaintiff for the recovery of this bill or the amount of it, he must have alleged and proved that he had paid it and paid it at the request of the plaintiff. The plea of set-off does not show that the defendant has paid the physician's bill, and we are not called on to decide whether it is or not such a case, as the physician has an option to proceed against the owner or the hirer.

[3.] It appears by the plea, that at the time of the hiring, the plaintiff stated to the defendant that he had insured the life of the slave at $1150, two-thirds of which would be recovered if the negro died. There must have been a motive for making this declaration, but it does not appear in the plea—none is assigned there. But the defendant insists in his plea, that inasmuch as the plaintiff made the assertion and the negro died during the year, and the sum of $766, two-thirds of the amount of the insurance, was paid to him, that he should be allowed as a set-off, a sum bearing the same proportion for the time lost, to the hire of the entire year; that the amount received from the insurance company did to the value of the negro set forth in the policy. The plea discloses no agreement that would sustain his right to the set-off. The

assertion does not entitle him to a part of the insurance money, and it is *that* which he seeks to recover in his plea.

[4.] Death put an end to the hirer's special ownership of the negro. The hirer discharged all the duties which a humane policy imposed on him, when he nursed him and called a physician to attend him in his sickness. The coffin and burial expenses were a proper charge against the owner, and ought to have been allowed as a set-off. We reverse the judgment of the Court on that ground, and order a new trial, unless the defendant in error remit, on his judgment, the sum of eight dollars, that being the amount pleaded as a set-off for the coffin and burial expenses, with interest thereon, from the death of the negro; and that the defendant in error, in any event, pay the costs of prosecuting the case in this Court.